**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,         )
         )
     v.         )    Case No. 1605004863
         )
JASON BILLINGS,         )
         )
    Defendant         )

Anna Currier, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

James M. Stiller, Jr., Esquire
Schwartz & Schwartz
1140 South State Street
Dover, DE 19903
*Attorney for Defendant*

## LETTER OPINION AND ORDER

1.    The defendant, Jason Billings (hereinafter the "Defendant"), has been charged with Driving Under the Influence of Alcohol and Stopping a Vehicle on a Roadway. The Defendant filed a Motion to Suppress evidence obtained during a DUI investigation on May 8, 2016. On March 7, 2017, a hearing was convened on the Motion. The Court heard testimony from Trooper Daniel Myers (hereinafter "Trooper Myers") of the Delaware State Police Troop 6.

2.    During a short break in the hearing, Trooper Myers, who was testifying for the first time in his career, approached the prosecutor and initiated a discussion regarding his testimony. When Court resumed, the defense moved to dismiss the pending charges.

3.    The Court sequestered Trooper Myers and discussed the substance of the improper conversation with the Deputy Attorney General. The defense was then permitted to cross examine Trooper Myers regarding the conversation.

4.    The Court concluded the conversation was an innocent mistake owing to Trooper Myers' inexperience. Furthermore, the conversation was not substantive. The Court issued a

preliminary order disallowing the State from engaging in redirect examination of Trooper Myers and reserved decision on whether the Court was required to dismiss the underlying charges.

5.      The Court enjoys broad discretion to employ appropriate sanctions – or to impose no sanction whatsoever – for inappropriate discussions between a testifying witness and the State.[1]  The sanction of prohibiting the State from engaging in redirect examination of Trooper Myers was appropriate to limit whatever prejudice may have resulted from the improper conversation.  Dismissal is not required under these circumstances.

6.      **AND NOW**, this 15th day of March, 2017, upon consideration of Defendant Jason Billing's Motion to Dismiss, and all arguments on the Motion,

7.      **IT IS HEREBY ORDERED** that the Motion is **DENIED**.


**IT IS SO ORDERED.**

Carl C. Danberg
Judge

---

[1] *See Chambers v. State*, 930 A.2d 904, 907-909 (Del. 2007).